UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICARDO GONZALEZ

      Plaintiff,

        v.                    CASE NO.:

MASCHMEYER CONCRETE
COMPANY OF FLORIDA, a Florida
Profit Corporation

      Defendant
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff RICARDO GONZALEZ (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendant MASCHMEYER CONCRETE COMPANY OF FLORIDA, (hereinafter referred to as "Defendant"), and states the following:

### INTRODUCTION

1.    This is a claim by Plaintiff, against his former employer, for violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 § 2601 *et seq.,* and the Americans with Disabilities Act, as Amended ("ADAAA"), 42 U.S.C. 12101, *et seq.,* to recover from Defendant back pay, front pay an equal amount

of liquidated damages, other monetary damages, equitable relief, reasonable attorneys' fees and costs, and all other fair and justifiable relief under the law.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because it raises inquiries of Federal Questions, specially FMLA and ADAAA.

2.     Plaintiff has satisfied and exhausted all administrative prerequisites to perfect his claim:

   a. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein and attached hereto and marked as **Exhibit A**; and,

   b.  The Equal Employment Opportunity Commission ("EEOC") issued a notice of Right to Sue attached hereto and marked as **Exhibit B**.

3.     Plaintiff brings this suit within ninety (90) days of receipt of his notice of Right to Sue.

## VENUE

4.     Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

5.     The acts and omissions giving rise to this action occurred in Osceola County, Florida.

2

6.     Plaintiff was employed by Defendant who facility is located in St. Cloud

## **PARTIES**

7.     Plaintiff worked for Defendant from April 2017 through June 2021.

8.     Defendant is a privately held ready mix, concrete, and building materials supplier in Florida.

9.     At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

10.     Plaintiff is protected by the ADAAA because he suffers from long-COVID or post-COVID symptoms, which affect a major life activity.

11.     Therefore, Plaintiff either:

a.     Was suffering from "a physical or mental impairment that substantially limits one or more his major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

b.     Had "a record of such an impairment" because of his required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

c.     Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

12.     At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

13.     In 2020, Defendant had 50 or more employees for each working day,

in each of the 20 or more calendar weeks.

14.     At all times materially relevant, Defendant engaged in an industry affecting commerce.

15.     At all times materially relevant, Defendant engaged in an activity affecting commerce.

16.     At all times relevant, Defendant engaged in commerce within the meaning of 26 U.S.C. § 2611(1).

17.     Defendant employs more than fifty (50) employees within 75 miles of its Kissimmee, Florida facility.

## FACTUAL ALLEGATIONS

18.     Plaintiff was hired as a CDL Concrete Driver in or around April 2017.

19.     On or about May 18, 2021, Plaintiff tested positive for COVID-19.

20.     Because of the severity of Plaintiff's medical condition, Plaintiff was hospitalized for 8 days.

21.     While hospitalized, Plaintiff received several calls from the Company regarding his ability to return to work.

22.     While hospitalized, the Company incessantly and harassingly advised Plaintiff to continue to take COVID-19 tests until a negative result was reported.

23.     However, after being discharged from the hospital, Plaintiff

continued to suffer from side and lingering effects from COVID-19.

24.     On Thursday June 3, 2021, several days after discharge, Plaintiff was still testing positive for COVID-19.

25.     On Wednesday June 9, 2021, although still suffering from the effects of COVID-19, Plaintiff tested negative.

26.     On or about Friday June 11, 2021, Plaintiff returned to work.

27.     Because Plaintiff worked as a driver, he drove long distances for more than 12 hours at a time.

28.     Plaintiff suffered from extreme fatigue and exhaustion due to the lingering effects of long-COVID and explained to the Company that he could not safely handle the long intervals of travel.

29.     Accordingly, because of his serious health condition, Plaintiff requested an accommodation that would provide local routes rather than the long, 12-hour routes.

30.     Plaintiff was told that his request could not and would not be granted and was later sent home.

31.     Plaintiff was surprised that his request for an accommodation was denied because he was aware that the Company had accommodated other drivers in similar circumstances.

32.     One day after his request for an accommodation, Plaintiff was terminated.

33.    Despite sending Plaintiff home following Defendant's denial of Plaintiff's request for an accommodation, Defendant has alleged that Plaintiff was terminated for alleged job abandonment. However, the Company's reason for Plaintiff's termination is false and a pretext for discrimination and retaliation.

34.    Defendant violated Plaintiff's statutory rights to be free of disability discrimination and retaliation in the workplace by: (1) terminating Plaintiff in retaliation; and/or (2) by failing to provide Plaintiff with, or even engage in any meaningful dialogue regarding, a reasonable accommodation.

35.    At all times Plaintiff was qualified for his position.

36.    At all times Plaintiff was able to perform the essential functions of his job.

37.    At no time during his employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet his job duties.

38.    Defendant's actions constitute discrimination in violation of the ADAAA.

39.    Defendant's actions constitute retaliation in violation of the ADAAA.

40.    In 2019, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

41.    In 2020, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

42.    In 2021, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

43.    As of the date, Plaintiff had been employed by defendant at least twelve (12) months prior to his request for FMLA leave.

44.    Plaintiff provided Defendant with documents from his physicians which confirmed his serious health condition.

45.    Despite knowledge of Plaintiff's serious health condition, Defendant never offered Plaintiff medical leave under the FMLA.

46.    Defendant's actions interfered with Plaintiff's rights under the FMLA.

## COUNT I - INTERFERENCE UNDER THE FMLA

47.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs one (1), four (4) through eight (8), eighteen (18) through thirty-two (32), and thirty-eight (38) through forty-four (46), above as if fully set forth herein.

48.    Plaintiff, at all times materially relevant, qualified for FMLA-covered leave.

49.    Defendant was Plaintiff's employer as defined by the FMLA.

50.    Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

51.   As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52.   Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

53.   Defendant' violations of the FMLA were willful.

54.   Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.   Judgment in his favor and against Defendant for their interference with his rights under the FMLA;

b.   Judgment in his favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.   Judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

d.   Judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.    Declaratory judgment that Defendant's practices toward Plaintiff violated his rights under the FMLA; and

f.    An order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II - RETALIATION UNDER THE FMLA

55.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs one (1), four (4) through eight (8), eighteen (18) through thirty-two (32), and thirty-eight (38) through forty-four (46) above as if fully set forth herein.

56.    Plaintiff, at all times materially relevant, qualified for FMLA-covered leave.

57.    Defendant was Plaintiff's employer as defined by the FMLA.

58.    Defendant discriminated and/or retaliated against Plaintiff because Defendant knew he was eligible for leave under the FMLA.

59.    Defendant discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA.

60.    Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

61.    Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

62. Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

63. Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

64. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

66. Defendant's violations of the FMLA were willful.

67. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. Judgment in his favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. Judgment in his favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant' conduct;

c.      Judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

d.      Judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.      Declaratory judgment that Defendant practices toward Plaintiff violate his rights under the FMLA; and

f.      An order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III - DISABILITY DISCRIMINATION

68.      Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs one (1) through thirty-eight (39) above as if fully set forth herein.

69.      The plaintiff was a qualified individual with a disability.

70.      Plaintiff was perceived as disabled by Defendant.

71.      Defendant was Plaintiff's employer as defined by the ADAAA.

72.      Defendant discriminated against Plaintiff because of his disability in violation of the ADAAA.

73.      Defendant discriminated and/or retaliated against Plaintiff because he exercised his rights under the ADAAA.

74.      Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

75.    Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privilege of Plaintiff's employment.

76.    Defendant's conduct violated plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADAAA.

77.    As direct, natural, proximate, and foreseeable results of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant's, which have caused and continued to cause irreparable harm.

79.    Defendant's violation of the ADAAA was willful.

80.    Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a.    Judgment in his favor and against Defendant for violation of the disability association provisions of the ADAAA;

b.    Judgment in his favor and against Defendant for damages including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.      Judgment in his favor and against Defendant for his reasonable attorney's fees and litigation expenses;

d.      Judgment in his favor and against Defendant for punitive damages;

e.      Judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA-AA; and

f.      Issue an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV - RETALIATION IN VIOLATION OF THE ADAAA

81.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs one (1) through thirty-eight (39) above as if fully set forth herein.

82.     Plaintiff requested a reasonable accommodation for his disability.

83.     Plaintiff's accommodation request constituted protected activity under the ADAAA.

84.     Defendant's retaliatory conduct was, in whole or in part, motivated by Plaintiff's request for accommodation.

85.     As a natural, proximate, and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

86.     The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such future conduct.

87.     The retaliation Plaintiff suffered, in violation of his federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

88.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a.     Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b.     Judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

c.     Judgment against Defendant for compensatory damages;

d.     Judgment against Defendant for punitive damages;

e.     Plaintiff his costs, including a reasonable attorneys' fee,

pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

      f.      Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in his favor in this action; and

      g.      Granting such other and further relief as the Court deems just.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this 13th day of September, 2022.

Respectfully submitted,

*s/Julien W. Maynard*
Anthony Hall, Esq.
FL Bar No.: 40924
Julien W. Maynard, Esq. – LEAD COUNSEL
FL Bar No.: 1035332
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: jmaynard@theleachfirm.com
Email: yhernandez@theleachfirm.com

*Attorneys for Plaintiff*